The' opinion of the Court was delivered by
O’Neall, C. J.
In these cases, I have always understood the rule to be, where the vendee was in possession, he could not set up the defect in his title so as to rescind the contract; but that he might show a failure of title to part of the land, not as a ground for the recission of the contract, but as a ground for compensation pro tanto. So, too, I have no doubt, if he could show an entire bona fide failure, and that he had given up the possession to avoid a law suit, and not to favor an insidious claim of title, that in such a case he might be allowed the defence.
In this case, the defendant showed title in Kemmy Smith, and soon after he surrendered to him, and thereupon rested his defence, which the Judge allowed. It was, however, neces *155 sary for Mm to have gone on and shown that he did not surrender-possession, in fraud of the plaintiff. Generally, I should say, he was bound to deliver possession to his grantor, or that he should vouch him. to defend. In either of these cases, his defence might be good; for, in the first case, he put the plaintiff, in statu quo, and, in the second case, he gave him the opportunity of defending his title.
But if neither of these opportunities be presented by the defendant, then his possession places him. in the position that he must pay the purchase-money, or in some other way show Ms perfect fairness.
In these cases there is nothing which goes to show that the defendant did not examine the title, and, finding some defect in it, that he thereupon surrendered to Kemmy Smith.
In the absence of all proof, as to what was the true reason of defendant’s surrender, we think it better that the cases should go back for further investigation.
The whole law applicable to cases of this kind will be found in Van Lew vs. Parr, 2 Rich. Eq. 321, and in Kebler vs. Cureton, Rich. Eq. Cas. 143. The motion for new trials is granted.
Johnstone and Wardlaw, J. J., concurred.

Motion granted.